UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-11524-IT |
| | * | |
| JONES WOODS, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

May 23, 2025

TALWANI, D.J.

Pending before the court is Respondent Jones Woods' Motion to Dismiss [Doc. No. 16] the government's Petition Pursuant to 18 U.S.C. § 4246 ("Petition") [Doc. No. 1]. For the reasons specified herein, Woods' Motion to Dismiss [Doc. No. 16] is DENIED in part because the court lacks authority in light of the pending appeal in the Second Circuit to consider Woods' arguments concerning his commitment through September 16, 2024, and DENIED in part on the merits as to arguments based on Woods' detention from September 17, 2024, to September 25, 2024, when the Petition was filed.

I. Background

A. Proceedings Before the Western District of New York

On September 6, 2024, the District Court in the Western District of New York issued a Decision & Order ("Decision") in United States v. Jones J. Woods, 2024 WL 4099955 (W.D.N.Y. Sep. 6, 2024), affirming in its entirety the decision of the Magistrate Judge, to whom the matter had been referred. The District Court's Decision recounts the following:

Woods was charged in a criminal complaint with depredation against property. Id. at *1. In June 2023, the assigned Magistrate Judge held a competency hearing and found Woods to be

incompetent to stand trial. Id. The Magistrate Judge committed Woods to the custody of the Attorney General for treatment as necessary. Id.

Woods subsequently moved to dismiss the complaint or for expedited hospitalization. The Magistrate Judge ordered that the complaint would be dismissed if Woods was not hospitalized by January 31, 2024. Id.

In July 2024, the government sought an order finding that Woods "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" and that "there is not a substantial probability that [Woods] can or will be restored to competency in the foreseeable future." Id. (quoting Mot. for Continued Commitment 4, United States v. Woods, No. 23-mj-5032 (W.D.N.Y. Jul. 17, 2024)). The government also sought Woods "commitment to the Attorney General's custody (and hospitalization at FMC-Devens) . . . for an additional 45-day period, so as to permit the facility director to determine whether a certificate of dangerousness should be issued pursuant to 18 U.S.C. § 4246." Id. at *2 (quoting Mot. for Continued Commitment 4, United States v. Woods, No. 23-mj-5032 (W.D.N.Y. Jul. 17, 2024)).

On August 2, 2024, the Magistrate Judge issued a Decision and Order granting the requested relief in full. Id. at *1. Woods sought a stay of the Decision and Order, which the Magistrate Judge denied. Id. The Magistrate Judge's order expired 45 days later—on September 16, 2024.

Woods appealed the August 2 decision to the district court, and on September 6, 2024, the district court affirmed the Magistrate Judge's Decision and Order in its entirety. Id. at *2. The district court also affirmed the Magistrate Judge's denial of a stay. Id. at *4.

2

Woods filed a Notice of Appeal of the district court's ruling to the Second Circuit but did not seek a stay of the District Judge's order.

### B. The Filing of the § 4246 Petition in this Court

On September 25, 2024, the government filed the pending § 4246 petition in this court, with an attached certificate from the Warden of FMC Devens, dated August 30, 2024, stating that Woods would pose a danger if released and that suitable arrangements for state custody and care of Woods were not currently available. See Certificate of Dangerousness [Doc. No. 1-2].

### C. The Appeal in the Second Circuit

The appeal of the orders from the Western District of New York remains pending before the Second Circuit. In its briefing there, the government has argued that Woods must raise any challenge to the lawfulness of his detention here in the District of Massachusetts because he is currently committed pursuant to a certificate of dangerousness filed in this District. See Gov't Br. 4-5, 15, 31, United States v. Woods, No. 24-2485 (2d Cir. Mar. 18, 2025). More generally, the government has argued that Woods' appeal is moot, on the grounds that the Second Circuit cannot grant Woods the relief he seeks, which the government characterized in that court as not being subject to a dangerousness assessment or being committed pending completion of that assessment. See id. at 3. Woods has contended in response that the government's mootness argument "ignores that Mr. Woods' certification as dangerous and his detention under section 4246(a) are derivative of his prior unlawful detention under section 4241(d)(1) and section 4247(b)." See Woods' Reply Br. 6, United States v. Woods, No. 24-2485 (2d Cir. Apr. 8, 2025).

## II. Discussion

In support of his Motion to Dismiss [Doc. No. 16] the government's Petition [Doc. No. 1], Woods argues that an ongoing legal commitment is a statutory prerequisite for commitment under § 4246 and that he was being held without a lawful basis at the time the Petition was filed.

3

See Mot. to Dismiss 1 [Doc. No. 16]. The government requests that the court defer ruling on the motion to dismiss until the Second Circuit has resolved Woods' appeal of orders from the District Court for the Western District of New York. See Opp. 6 [Doc. No. 21]. The government also contends that, in any event, Woods was in lawful custody when the petition was filed. See id. at 9.

As detailed further below, the court DENIES the motion, without addressing the lawfulness of Woods' commitment through September 16, 2024, as the district court's order that affirmed the Magistrate Judge's order mandating Woods' commitment has not been stayed pending appellate review.

The court also DENIES Woods' motion to dismiss despite his being held after the Western District of New York's order of commitment expired on September 16, 2024, where the BOP Director certified Woods as dangerous prior to September 16, 2024, the Petition was filed shortly thereafter, and the record does not suggest any intentional delay.

### A. The Statutory Framework

18 U.S.C. § 4246(a) provides in relevant part that:

> [i]f the director of a facility in which a person is hospitalized certifies that a person whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d),[1] or against whom all criminal

---

[1] 18 U.S.C. § 4241(d) provides in relevant part:

> If, after the hearing [to determine competency of the defendant who is charged with an offense and not yet sentenced, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence], the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility–

> charges have been dismissed solely for reasons related to the mental condition of the person, <u>is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available</u>, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

<u>Id.</u> (emphasis added). The provision further provides that "a certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." <u>Id.</u>

Prior to holding this hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4246(b). For the purposes of this examination, "the court may commit the person to be examined for a reasonable period . . . but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b).

---

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

5

"If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4246(d).

### B. The Request that the Court Defer Ruling on the Pending Motion

The government requests that the court hold Woods' motion to dismiss in abeyance until the Second Circuit has resolved his appeal in his underlying criminal case, because both raise the same ultimate issue, namely whether to dismiss the § 4246 proceeding. See Opp. 6 [Doc. No. 21]. This court finds that denying part of the relief requested by Woods pending an order from the Second Circuit is warranted where the court lacks authority to consider portions of Woods' argument due to that pending appeal.[2]

The government is correct that many of the issues before this court and the Second Circuit are interlinked. Woods raises largely the same arguments in both courts—namely, that his detention after May 16, 2024, was unlawful: because the § 4241(d)(1) four-month period had expired; because there had been no determination as to his restorability and thus no basis for considering an extension of his confinement beyond this four-month period under § 4241(d)(2); and because § 4246 does not separately authorize continued hospitalization for the purposes of preparing a dangerousness certificate. See Woods' Second Circuit Br. 24-28 [Doc. No. 16-2]. The dismissal of the § 4246 petition that Woods seeks in this court is based entirely—with only one exception, discussed below—on the alleged unlawfulness of his prior detention pursuant to

---

[2] The court is following by analogy the procedure set for in Fed. R. Civ. P. 62.1(a). While a district court normally uses that procedure where a motion is filed while an appeal of the district court's own orders is pending, the court finds the procedure appropriate here.

6

orders from the Western District of New York. See Woods' Second Circuit Br. 16 [Doc. No. 16-2] (asking the court to "hold that Mr. Woods' certification as dangerous was unlawful, vacate the District Court's decision and order [committing Mr. Woods for a § 4246 dangerousness evaluation], and order Mr. Woods' immediate release from unlawful hospitalization").

Because Woods' detention pursuant to orders from the Western District of New York was not stayed, and because the legal basis for that detention is presently before the Second Circuit, the court finds that it presently lacks authority to assess whether such orders were validly entered. Woods argues that the phrase "has been committed" in § 4246 requires an individual to be in legal custody under § 4241(d) when a § 4246 certificate is filed in order to be properly subject to a § 4246 petition, see Mot. to Dismiss 14 [Doc. No. 16], and the government makes no argument to the contrary. But such language does not convert § 4246 into a vehicle for this court to consider the same matters when they are on review in an appellate court.

Between May 16, 2024, and September 16, 2024, Woods was committed pursuant to orders from the Western District of New York. The court denies consideration of the motion to dismiss the petition as to Woods' commitment during that period, where the matter is pending in the Second Circuit. If the Second Circuit affirms those orders, there will be no further matter for this court to consider as to that period. If the Second Circuit vacates those orders, Woods may renew his motion to dismiss based on his detention prior to September 16, 2024.

   C.  *Woods' Detention Between September 16, 2024, and September 25, 2024*

Woods also argues that his detention between September 16 and September 25, 2024, was unlawful because the Magistrate Judge's decision and order of August 2, 2024, ordered Woods hospitalized for a dangerousness evaluation only for 45 days, meaning such hospitalization should have terminated on September 16. See Mot. to Dismiss 13-14 [Doc. No.

7

16]. He maintains that after September 16, Woods' detention "was neither allowed by statute nor authorized by the court." Id.

Woods is correct that the Western District of New York only ordered Woods' commitment for a dangerousness evaluation until September 16. See Decision and Order 5 [Doc. No. 16-5]. However, the evaluation was completed during the period mandated under the order, and the Certificate of Dangerousness [Doc. No. 1-2] was signed on August 30, 2024. And when the Petition was filed, with the Certificate of Dangerousness, on September 25, it included the evaluation, thereby avoiding the need for a further evaluation under § 4246. See Forensic Psychological Report [Doc. No. 1-1].

The First Circuit has explained that reading § 4248,[3] to "mandate release of a potentially dangerous individual due to a de minimis mistake in the timing of initiating the commitment process would be manifestly inconsistent with the overall structure of the Act," and "such an interpretation would contravene the 'great principle of public policy, . . . which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided.'" United States v. Shields, 649 F.3d 78, 87 (1st Cir. 2011) (quoting United States v. Montalvo-Murillo, 495 U.S. 711, 718 (1990)).

In Shields, the day before a defendant was scheduled released from federal custody, BOP filed a petition to have him civilly committed as a "sexually dangerous person" under 18 U.S.C. § 4248. 649 F.3d at 79. An audit from BOP later showed that defendant should have been released on November 7, 2006—the day before the commitment petition was filed—rather than on November 9, 2006, the actual date of defendant's release. See id. at 83. Defendant argued on

---

[3] § 4248 is, for the court's present purposes, analogous to § 4246.

appeal that BOP therefore could not rightfully claim he was in "custody" when the commitment petition was filed and that the appropriate remedy for the government's failure to adhere to the statutory prerequisites for commitment was defendant's release. See id. at 86. The court, though acknowledging that defendant was not in custody when the petition was filed, rejected the defendant's argument as to the remedy—holding that where § 4248 was silent on the issue of a remedy for violations and where the mistake in the calculation of defendant's correct release date was a *de minimis* clerical error, dismissal was not appropriate. See id. at 88-89.

     Woods here argues that Shields is distinguishable because in present case, the government "knowingly failed to timely file the petition without any justification," whereas in Shields, the clerical error only came to light after Woods' commitment. See Woods' Post-Hr'g Briefing 4-5 [Doc. No. 29]. It is true that Shields "[did] not raise . . . a situation where the government knowingly and deliberately holds a defendant in custody beyond his lawful period of custody in order to file a commitment petition[.]" Shields, 659 F.3d at 89 n.13. And it is true that the government has given no explanation for its failure to file a § 4246 certificate in this court before September 16. But any suggestion that the government deliberately held Woods in custody in order to be able to commit him pursuant to § 4246 makes little sense, as the director of FMC Devens completed the certification of dangerousness on August 30—well before September 16 deadline. The government had ample time to file the certificate with this court and had no need to unlawfully commit Woods to avail itself of § 4246. While the government should have proceeded more quickly, the delay in the government filing the certificate of dangerousness with this court does not warrant dismissal of the petition.[4]

---

[4] The court notes that cases cited by Woods involved far longer time periods than the 9 days at issue here. United States v. Clark involved a situation in which a July 2016 audit revealed that a

Woods seemingly concedes that dismissal is not necessarily appropriate where "the government's failure to timely file the petition resulted from 'de minimis' negligence," Woods' Post-Hearing Briefing 4 [Doc. No. 29], but nevertheless maintains that the requirement that an individual fall within one of the three circumstances listed in § 4246—including that an individual "has been committed to the custody of the Attorney general pursuant to section 4241(d)"—acts as a statute of limitations, the violation of which warrants dismissal. For that argument, Woods relies on United States v. Searcy. Though the Searcy court did state that "the statutory requirement that a civil commitment proceeding be initiated against a person while he is in federal custody amounts to a de facto statute of limitations that provides the same finality and certainty as a conventional limitation," 880 F.3d 116, 124 (4th Cir. 2018), the issue before that court was only whether the general gap-filling statute of limitations for federal statutes, set forth in 28 U.S.C. § 1658(a), applies to civil commitment proceedings, see id. at 118.[5] The court held that it did not, as the requirement that an individual either be in the custody of the federal government, be committed pursuant to § 4241(d), or be someone against whom all charges have been dismissed for solely for reasons relating to mental health "supplants or displaces the need

---

defendant should have been released in October 2015; the government, upon realizing the error, filed a petition seeking the individual's civil commitment. 926 F.3d 487, 488 (8th Cir. 2019). And in United States v. Wayda, in which the court assessed how long a period of commitment was "reasonable" under § 4241(d)(2), there was a six-month period of delay between the determination as to the defendant's non-restorability and the filing of a § 4248 certificate. 966 F.3d 294, 308 (4th Cir. 2020). The court further emphasizes that Woods was not significantly prejudiced by the 9-day period of delay in this case. Because the Magistrate Judge in the Western District of New York ordered a § 4246 evaluation prior to the filing of the § 4246 certificate, a dangerousness evaluation had already been prepared by the time the certificate was filed. If the Western District of New York had instead committed Woods for a reasonable period pursuant to § 4241(d)(2) and the government had filed a § 4246 certificate with this court, additional time would have been required for the preparation of a dangerousness evaluation.

[5] As with Shields, the Searcy court addressed § 4248.

for a conventional statute of limitations." Id. at 122-23 (emphasis added). It does not follow from Searcy that the dismissal of the government's petition is warranted in this case. Nor, given the mere 9 days of delay in filing at issue here, together with the pre-filing completion of the evaluation and certificate of dangerousness, does this court's holding that dismissal is not warranted undermine § 4246(a)'s important function in ensuring that federal civil commitment "is not some indefinite threat unmoored in time." Id. at 122.

Therefore, dismissal of the government's petition is not warranted.

### III.    Conclusion

For the foregoing reasons, Woods' Motion to Dismiss [Doc. No. 16] is DENIED for lack of authority in light of the pending appeal in the Second Circuit as to his claim that his detention through September 16, 2024, was unlawful and DENIED on the merits as to his claim that even if that detention was lawful, his further detention from September 17, 2024, through September 25, 2024, requires dismissal of the Petition.

IT IS SO ORDERED.

May 23, 2025                                    /s/ Indira Talwani
                                                United States District Judge